**Weil, Gotshal & Manges LLP**

201 Redwood Shores Parkway
Redwood City, CA 94065
+1 650 802 3022 tel
edward.reines@weil.com

December 16, 2016

U.S. District Judge Barbara M.G. Lynn
United States District Court
for the Northern District of Texas
1100 Commerce Street, Room 1572
Dallas, Texas 75242-1003

*Re: In re IPT Patent Litigation*, Case No. 3:15-md-2614-M

Dear Chief Judge Lynn:

We represent Defendants in the above-captioned MDL.  This addresses whether this Court has jurisdiction to resolve the pending motion for attorneys' fees.  *See* Dkt. Nos. 185, 189.

This Court has jurisdiction to resolve the motion and to order the payment of costs.  MDL transferee courts have routinely decided such motions.  *See, e.g., In re: Maxim Integrated Prods., Inc. Patent Litig.,* 2:12-mc-00244-JFC, Dkt. No. 987 (W.D. Pa. Feb. 27, 2015) (deciding fee motion under 35 U.S.C. § 285 on the merits after one of the MDL cases was dismissed with prejudice); *In re Unified Messaging Solutions LLC Patent Litig.,* 1:12-cv-06286, Dkt. No. 795 (N.D. Ill. Oct. 1, 2015) (hearing and granting in part an "exceptional case" motion following a stipulated dismissal of the cases); *In re Bill of Lading Transmission and Processing Sys. Patent Litig.,* 1:09-md-2050, Dkt. No. 265 (S.D. Ohio March 6, 2012) (determining that the case was exceptional following summary judgment for Defendant, warranting fees for Defendant under 35 U.S.C. § 285); *Novartis Corp. v. Webvention Holdings LLC et al.,* 1:11-md-02294-CCB, Dkt. No. 251 (D. Md. Oct. 28, 2015) (finding case "exceptional" under 35 U.S.C. § 285 and granting Novartis' motion for attorneys' fees); *In re TLI Communications LLC Patent Litig.,* 1:14-md-2534, Dkt. Nos. 214, 224, 248, 251 (E.D. Va.) (entertaining an "exceptional case" motion and resolving issues relating to the post-dismissal bill of costs following dismissal under F.R.C.P. 12 and affirmance on appeal).

This systematic exercise of jurisdiction over attorneys' fees motions by MDL courts is well-grounded in the governing authority and the most practical path.  MDL actions are governed by 28 USC § 1407.  It provides that actions centralized before an MDL judge are only returned to the transferor court if they have not been terminated:  MDL actions "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred **unless it shall have been previously terminated**." (emphasis supplied).

**Weil, Gotshal & Manges LLP**

Likewise, MDL Rule 10.1 provides that this Court shall not remand these cases to the transferor courts for further proceedings because the cases have already been terminated by judgment of dismissal due to stipulation:

> Where the transferee district court terminates an action by valid order, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, the transferee district court clerk shall transmit a copy of that order to the Clerk of the Panel. When a case is terminated by valid order prior to the conclusion of pretrial proceedings, the terminated action shall not be remanded to the transferor court and the transferee court shall retain the original files and records unless the transferee judge or the Panel directs otherwise.

(emphasis supplied).

As noted above, numerous MDL courts have resolved attorneys' fees motions in patent cases. But this practice is not limited to such cases. For example, in *In re Linerboard Antitrust Litig.*, 2008 WL 2758167 (E.D. Pa. July 14, 2008), the Court not only approved the settlement, but also determined that a counsel fee was appropriate, and issued an order stating that "the Court retains jurisdiction over this case including jurisdiction over the Settlement Fund and its distribution, as well as all issues relating to the fees and costs of counsel in this action." *Id.* at *3. Notably, when counsel for one of the Linerboard parties filed a petition for fees in state court, the state court dismissed the petition, and the dismissal was affirmed on appeal. *Id.* at *5 ("Although no opinions were written by the Court of Appeals, those rulings, in essence, affirmed this Court's determination that it had jurisdiction over the Peoples fee dispute.").

The law makes sense. If the MDL court has seen a case to pre-trial completion due to the abandonment of meritless claims, it is in the best position to evaluate the conduct of the parties and their attorneys, as required by § 285 of the Patent Code. Under *Octane Fitness v. ICON Health & Fitness,* 134 S. Ct. 1749 (2014), "equitable discretion should be exercised" based on the totality of the circumstances on a case-by-case basis. A transferor judge that has not been involved with these cases will not have the experience this Court would have to exercise that discretion.

In addition, this Court is the transferor court for the now-dismissed Cenveo action, Case No. 3:15-cv-00165, which was originally filed in the Northern District of Texas. Accordingly, it will need to resolve an attorneys' fees motion in all events. Because of this inevitability, there is no reason to further extend IPT's time to respond. The motions were filed in November.

Very truly yours,

*/s/ Edward R. Reines*

Edward R. Reines