IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| INDUSTRIAL PRINT TECHNOLOGIES, LLC, <br>     Plaintiff, <br><br> v. | Case No. 3:15-md-02614-M <br> This Document Relates to |
| CENVEO, INC. AND <br> HEWLETT-PACKARD COMPANY | Case No. 3:15-cv-00165-M |
| O'NEIL DATA SYSTEMS, INC. AND <br> HEWLETT-PACKARD COMPANY | Case No. 3:15-cv-01100-M |
| O'NEIL DATA SYSTEMS, INC. AND <br> HEWLETT-PACKARD COMPANY | Case No. 3:15-cv-01104-M |
| FORT DEARBORN COMPANY AND <br> HEWLETT-PACKARD COMPANY, <br><br>     Defendants. | Case No. 3:15-cv-01195-M |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After making an independent review of the pleadings, files, and records in this case, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated June 12, 2020 (ECF No. 473) (the "Recommendation"), the objections to the Recommendation, and the response thereto, the Court finds that the Recommendation is correct, in part, and hereby accepts the Recommendation, as modified.

Plaintiff Industrial Print Technologies, LLC (IPT) objects that the Recommendation improperly includes fees that would have been incurred regardless of its misconduct in multiplying the litigation by continuing to prosecute its claims against Cenveo, Inc. and O'Neil Data Systems, Inc. (O'Neil) for approximately six months after these defendants provided definitive evidence of

1

non-infringement. IPT argues that the Recommendation wrongly adopts the method for apportioning fees suggested by Cenveo and O'Neil, rather than IPT's approach of considering "counsel's time entries line by line" and "meticulously attempt[ing] to segregate and identify the fees that were unique to defending Cenveo and O'Neil." Obj. 9 (ECF No. 479). According to IPT, Cenveo and O'Neil are entitled, at the most, to fees related to a "handful of time entries . . . that relate to work uniquely done for Cenveo and O'Neil." *Id.* 9-10.

Contrary to IPT's objection, the Court is not required to engage in a tedious investigation of the hours expended in determining the appropriate amount of fees to award in an exceptional case under 35 U.S.C. § 285. *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1280 (Fed. Cir. 2018). That IPT decided to engage in such a review of Cenveo and O'Neil's billing statements does not mean the Court is obliged to do the same. Even the Supreme Court recognizes that trial courts assessing fees "need not, and indeed should not, become green-eyeshade accountants." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. ___, 137 S. Ct. 1178, 1187 (2017) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Indeed, "the essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Id*. As explained in the Recommendation, the apportionment approach achieves that goal.

When a federal court exercises its inherent authority to sanction bad-faith conduct by ordering a litigant to pay the other side's legal fees, the award must be limited to the fees the innocent party incurred solely due to the misconduct. *Goodyear Tire*, 137 S. Ct. at 1186-90. In the context of a patent case and an award of fees under § 285, this rule dictates that the court only award attorneys' fees "caused by the conduct that renders the case exceptional." *Effective Expl., LLC v. BlueStone Nat. Res. II, LLC*, 2018 WL 466246, at *3 (E.D. Tex. Jan. 18, 2018) (Gilstrap, J.); *see also In re Rembrandt Techs. LP Pat. Litig*, 899 F.3d 1254, 1278 (Fed. Cir. 2018) ("[A]ttorney fees

under § 285 are compensatory, not punitive.").

In this case, the Court determined IPT's failure to timely reevaluate its litigation position after being made aware that Cenveo and O'Neil did not practice the patented methods made the cases against those defendants exceptional under § 285. Implicit in this determination is a finding that IPT's legal position was unreasonable and its continued pursuit of the litigation against Cenveo and O'Neil was not in good faith. IPT's misconduct burdened Cenveo and O'Neil with litigation costs when they were clearly entitled to be free from that burden. Thus, but for IPT's refusal to timely dismiss the litigation against Cenveo and O'Neil, they would not have incurred attorneys' fees after May 1, 2016, at all. The magistrate judge appropriately applied a multi-step apportionment approach to determine the fees actually incurred by Cenveo and O'Neil, which, together with the other Defendants in this MDL case, retained the law firms of Weil, Gotshal, & Manges and Fish & Richardson. Starting with the total billing records for all Defendants during the period awarded by the Court, the magistrate judge eliminated fees related to work completed for the sole benefit of defendants other than Cenveo and O'Neil. Rec. 6-7. Next, the magistrate judge reduced by 50% fees that were billed in a manner that prevented separation of work attributable only to Cenveo and O'Neil. *Id*. at 7. Finally, the magistrate judge applied the 2/6 apportionment to the fees remaining to account for the fraction of joint defense fees actually incurred by Cenveo and O'Neil. This approach achieves "rough justice" in compensating Cenveo and O'Neil only for the fees they incurred due to IPT's misconduct and does not punish IPT.

The Court overrules IPT's objections that the magistrate judge failed to eliminate fees related to the Gaash deposition. Even though Cenveo and O'Neil were not mentioned in the transcript, counsel asked questions on redirect pertaining to prior art systems related to the VDP patents. Those questions concerned a common defense pursued by Cenveo, O'Neil, and the other

MDL defendants. IPT posits that any fees associated with the deposition should not be recoverable because "the MDL Defendants would not have opted to forego [the Gaash] deposition had Cenveo and O'Neil been dismissed sooner." But IPT ignores that had Cenveo and O'Neil not been represented by Fish at the time they would have had to retain separate counsel to question Gaash.

However, the Court sustains IPT's objection that the fee request appears to include some work related solely to the inkjet patents, including billing entries for preparing, serving, and following-up on various subpoenas served on third parties to garner evidence for a patent marking defense asserted against only the inkjet patent, for the Goldis, Wichert, and Ponstein depositions limited to inkjet damages issues, and to an inspection of HP's presses at QuadGraphics and HP's facilities. Therefore, the Court reduces the recommended award by $39,089.40 for those entries related to inkjet patent issues that were not already reduced by Weil. *See* ECF No. 470, Ex. 1 (entries on 5/16, 5/17, 5/24, 5/26, 5/31, 6/2, 6/10, 6/16, 6/20, 6/22, 6/26, 6/28, 6/29, 7/5, 9/15, 9/16, 9/19 & 10/10).

Accordingly, the Court awards $363,778.20 in attorneys' fees to Cenveo, Inc. and O'Neil Data Systems, Inc. ($231,679.80 for attorneys' fees to Weil, Gotshal, & Manges and $132,098.40 for attorney's fees to Fish & Richardson).

**SO ORDERED** this 26th day of August, 2020.

_Barbara M. G. Lynn_
BARBARA M. G. LYNN
CHIEF JUDGE